# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SANDRIO DEJESUS-ANDUJAR, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 14-0118-CV-W-DGK-P ) |
| JAY CASSADY, | ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Jefferson City Correctional Center in Jefferson City, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2009 conviction and sentence for property damage to jail property, which was entered in the Circuit Court of Livingston County, Missouri.

Petitioner raises four (4) grounds for relief: (1) the judgment denying petitioner post-conviction relief improperly referred to a video as evidence of guilt; (2) a claim that petitioner should not be bound by defense counsel's waiver of jury trial; (3) "factual and procedural background" (Doc. No. 1, p. 12), in support of this claim petitioner requests this Court review petitioner's post-conviction motion; and (4) ineffective assistance of post-conviction relief counsel.

Respondent contends that the grounds raised are insufficient to warrant issuance of a writ of habeas corpus. Specifically respondent contends that: Ground 1 is either not cognizable on federal habeas review or procedurally barred; Ground 2 is procedurally barred; Ground 3 is a general assertion, which is insufficient for federal habeas review; and Ground 4 is not cognizable on federal habeas review.

## FACTUAL BACKGROUND

On direct appeal, the Missouri Court of Appeals summarized the facts, as follows:

> On January 15, 2007, [petitioner], an inmate in the Livingston County Jail, was videotaped picking up a television in the recreation area and throwing it against the wall. He was charged with one count of damage to jail property. He waived his right to a jury and had a bench trial.
>
> Deputy Sandra Chester, the jail supervisor, testified that [petitioner] had thrown the television against the wall during an argument with another inmate. On direct examination, the prosecutor asked Chester: "I understand that there were other crimes that were alleged to have been committed, but we're just focused on the television set. Do you understand that?"
>
> Similarly, during direct examination of Deputy Jim Lightner, the prosecutor asked: "You understand that today's inquiry is limited solely to the alleged damage to jail property?" There was no objection to these questions at trial.
>
> [Petitioner] testified he threw the television trying to protect his cellmate from another inmate. He stated the television was already broken and that most of the damage to it had occurred prior to his action. The court found [petitioner] guilty and sentenced him to four years imprisonment.

Respondent's Exhibit E, p. 2.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that

---
[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **GROUND 1**

In Ground 1, petitioner claims that the judgment denying his post-conviction relief motion improperly referred to a video as evidence of guilt. (Doc. No. 1, p. 5, 7). Further, petitioner asserts that although the prosecution played the video during the trial, the prosecution did not introduce the video into evidence. Id. Petitioner states that he is seeking federal habeas review because the post-conviction motion court improperly referred to the video as evidence. Id.

Federal habeas courts are only authorized to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding. Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984) (alleged denial effective assistance of counsel at Rule 27.26 hearing is not cognizable under § 2254). "Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990).

In addressing petitioner's ineffective assistance of trial counsel claim, the motion court refers to a video of petitioner damaging jail property. The video was played for the court during trial without objection by the defense. (Doc. No. 12, p. 5). Petitioner's claim appears to focus specifically on the post-conviction court's reference to the video in its judgment. (Doc. No. 1, p. 7). Because this claim is collateral to petitioner's conviction, petitioner is not entitled to federal habeas review.

Granting petitioner's claim the most liberal construction, Ground 1 also could be interpreted to allege that the trial court erred by improperly admitting the video into evidence.

However, to the effect it may do so, petitioner's claim is procedurally barred, as it was not raised on direct appeal or in the post-conviction relief proceedings.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is procedural default." Sloan, 54 F.3d at 1381. A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To satisfy the "cause" requirement, petitioner must show that an "external" impediment prevented him from presenting his claim to the state court in a procedurally proper manner. Id. at 753.

Because petitioner did not fairly present this claim to the state courts by raising it on direct appeal or in his post-conviction relief proceedings, it is considered abandoned. See Sloan, 54 F.3d at 1381. Further, because petitioner does not assert any external legal cause or new evidence of actual innocence, petitioner fails to overcome the procedural default and Ground 1 is procedurally barred from federal habeas review. See Coleman, 501 U.S. at 750. Consequently, petitioner's Ground 1 will be denied.

## GROUND 2

In Ground 2, petitioner asserts that he should not be bound by his trial counsel's waiver of jury trial. (Doc. No. 1, p. 6). Specifically, petitioner states that the decision to waive jury trial and proceed to a bench trial was completely that of the trial attorney and that petitioner should not be bound by that decision. Id. Respondent contends that petitioner's claim is procedurally

barred and meritless.

"In order to present a habeas claim to the state court, a prisoner must 'fairly represent' not only the facts, but also the substance of his federal habeas corpus claim." Barrett v. Acevedo, 169 F.3d 1155 (8th Cir. 1999) (citing Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996)), cert. denied, 528 U.S. 846 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Sloan at 1381.

A claim is only fairly presented "when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996). Presenting a claim which is "merely similar" to the claim raised in the habeas petition is insufficient to satisfy this requirement. Abdullah v. Goose, 75 F.3d 408,, 412 (8th Cir. 1996).

In his post-conviction motion, petitioner claimed ineffective assistance of trial counsel in regard to trial counsel's performance as it pertained to the waiver of a jury trial. Because the claim in his post-conviction motion is not based on the same legal theories or same factual grounds, it is not the same claim as raised in Ground 2. A claim of ineffective assistance of trial counsel in regard to waiver of a jury trial and a claim of wrongful waiver of a jury trial are merely similar. However, that is insufficient to satisfy the fair presentation requirement.

Further, even if these two claims were interchangeable, petitioner filed a notice of appeal from the denial of his post-conviction relief motion, which the Missouri Court of appeals dismissed as untimely. Because petitioner did not fairly and properly raise this claim before the Missouri Court of Appeals or allege a miscarriage of justice or cause and prejudice to overcome the default, this claim is procedurally barred. See Coleman,, 501 U.S. at 750.

Petitioner's claim in the post-conviction relief motion regarding ineffective assistance of trial counsel is meritless. In addition to finding trial counsel's performance effective, the motion court found that petitioner's waiver of jury trial was "knowingly, voluntarily, and freely given." (Petitioner's Exhibit 1, p. 6). Further, the record clearly indicates that petitioner voluntarily waived his right to a jury trial, as evidenced by the waiver signed by petitioner, who also hand-wrote "No Jory [sic]" next to his signature. (Respondent's Exhibit B, p. 17). Because both claims are procedurally barred, Ground 2 will be denied.

## GROUND 3

In Ground 3, petitioner claims "factual and procedural background". (Doc. No. 1, p. 12). Petitioner supports this statement with a request that the Court review his attached post-conviction relief motion. (Petitioner's Exhibit 1, p. 1). Respondent contends that because petitioner's general assertion in Ground 3 fails to state a claim for relief or state any specific facts to support the ground, petitioner is not entitled to federal habeas review.

"Habeas corpus petitions must meet heightened pleading requirements . . . [and] federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); 28 U.S.C. § 2254 Rule 2(c), 4. A "general reference to the transcripts, case records and briefs on appeal patently fails to comply with Rule 2(c)." Adams v. Armontrout, 897 F.2d 332, 333 (8th Cir. 1990). Neither "§ 2254 [n]or the Section 2254 Rules require the federal courts to review the entire state court record of habeas corpus petitioners to ascertain whether facts exist which support relief. Id. Requiring such an exhaustive factual review of entire state court records would pose an overwhelming burden on already strained judicial resources. Id. (alternation added). Thus, "in order to substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific particularized facts

which entitle him or her to habeas corpus relief for each ground specified." Id. at 334. "These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." Id.

Here, petitioner's bare statement fails to set forth particularized facts which entitle him to relief and therefore, it cannot be determined from the face of the petition alone whether the petition merits further habeas review. Petitioner's statement coupled with an attached court document, without additional supportive facts, is insufficient to meet the heightened pleading requirements. Consequently, petitioner's Ground 3 will be denied.

## GROUND 4

In Ground 4, petitioner claims he is entitled to federal habeas relief because he received ineffective assistance of post-conviction relief counsel. (Doc. No. 1, p. 20). Specifically, petitioner asserts that post-conviction counsel failed to file an appeal from the denial of post-conviction relief. Id. However, there is no constitutional right to an attorney in state post-conviction relief proceedings. See Coleman v. Thompson, 501 U.S. 722, 752 (1950). Therefore, this claim is not cognizable on federal habeas review because there is no constitutional right to effective assistance of post-conviction counsel. Further, where there is no constitutional right to counsel, there can be no deprivation of effective assistance. Simpson v. Norris, 490 F.3d 1029, 1033 (8th Cir. 2007), citing Wainwright v. Torna, 455 U.S. 586, 587-88 (1980). Consequently, petitioner's Ground 4 will be denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling

on the constitutional claim(s) "debatable or wrong." <u>Tennard v. Dretke</u>, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. <u>See</u> 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

/s/ Greg Kays
GREG KAYS
CHIEF UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: November 3, 2014 .